IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCIANO ALEXANDER ANAYA,

    Plaintiff,

v.                                                      1:17-cv-00564-LF

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on plaintiff Luciano Alexander Anaya's Motion to Reverse and Remand to Agency for Rehearing, with Supporting Memorandum (Doc. 22), which was fully briefed on January 15, 2018. *See* Docs. 24, 25, 26. The parties consented to my entering final judgment in this case. Docs. 3, 7, 8. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to properly weigh the opinion of consultative psychological examiner Dr. Mark Simpson. I therefore GRANT Mr. Anaya's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

    **I.**    **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116,

1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140

(1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[1] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Background and Procedural History

Mr. Anaya was born in 1995. AR 156.[2] Mr. Anaya filed an application for child's benefits on January 7, 2008, alleging disability beginning on September 29, 2000 due to autism, attention deficit hyperactivity disorder, speech delay, language delay, hypertension, diabetes, depression, anxiety, and chronic pain. AR 67. The Social Security Administration ("SSA") awarded Mr. Anaya child's benefits as a dependent of his deceased father. AR 39, 67.[3]

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Document 15-1 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

[3] A claimant is entitled to child's benefits based on the earnings of an insured person who has died if:
    (1) You are the insured person's child, based upon a relationship described in §§ 404.355 through 404.359;
    (2) You are dependent on the insured, as defined in §§ 404.360 through 404.365;
    (3) You apply;

Entitlement to child's benefits ends the month before the month in which the claimant turns 18, unless the claimant is disabled or a full-time student. 20 C.F.R. § 404.352(b)(1). A claimant who is over the age of 18 who has a disability that began before the claimant became 22 is entitled to continue receiving child disability benefits. 20 C.F.R. § 404.350(a)(5). On July 15, 2013, SSA denied Mr. Anaya Childhood Disability Benefits for the period after he turned 18. AR 99–101. The SSA denied his claims on reconsideration on December 12, 2013. AR 106–08; Doc. 15-1 at 2 (table of contents, showing date of denial). Mr. Anaya requested a hearing before an ALJ. AR 109. On June 5, 2015, ALJ Barry O'Melinn held a hearing. AR 35–65.[4] ALJ O'Melinn issued his unfavorable decision on July 22, 2015. AR 12–34.

The ALJ found that Mr. Anaya had not reached the age of 22 by September 9, 2000, the alleged onset date. AR 17. At step one, the ALJ found that Mr. Anaya had not engaged in substantial, gainful activity since his alleged onset date. *Id*. At step two, the ALJ found that Mr. Anaya suffered from the following severe impairments: obesity, obstructive sleep apnea, disorder of the muscle/ligament/fascia, attention deficit disorder ("ADD"), attention deficit hyperactivity disorder ("ADHD"), and affective disorder. *Id.* At step three, the ALJ found that none of Mr. Anaya's impairments, alone or in combination, met or medically equaled a Listing. AR 18–20. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Mr. Anaya's RFC. AR 20–27. The ALJ found Mr. Anaya had the RFC to

---

> (4) You are unmarried; and
> (5) You are under age 18; you are 18 years old or older and have a disability that began before you became 22 years old; or you are 18 years or older and qualify for benefits as a full-time student as described in § 404.367.

20 C.F.R. § 404.350(a).

[4] Mr. Anaya filed an application for Supplemental Security Insurance ("SSI") on February 26, 2013. AR 156–60. Mr. Anaya's attorney advised the ALJ that he did not need to address the SSI application. AR 40. The ALJ dismissed the SSI claim. AR 15.

perform a range of light work as defined in 20 CFR 404.1567(b). However, he can never climb ladders, ropes, or scaffolds and must avoid concentrated exposure to extreme heat and cold. He can understand, remember, and carry out simple instructions and make commensurate work-related decisions, respond appropriately to supervision, coworkers, and work situations, deal with routine changes in work setting, maintain concentration, persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday.

AR 20.

At step four, the ALJ concluded that Mr. Anaya did not have any past relevant work. AR 28. The ALJ found Mr. Anaya not disabled at step five because there are jobs that exist in the significant numbers in the national economy that he can perform, such as a cleaner and polisher of metal parts; a cleaner of hotels, motels, or casinos; and a bakery worker. AR 28–29. On September 22, 2015, Mr. Anaya requested review of the ALJ's unfavorable decision by the Appeals Council. AR 10–11. On March 28, 2017, the Appeals Council denied the request for review. AR 3–9. Mr. Anaya timely filed his appeal to this Court on May 17, 2017. Doc. 1.[5]

**IV. Mr. Anaya's Claims**

Mr. Anaya raises five arguments for reversing and remanding this case: (1) the ALJ failed to properly evaluate the opinion of consultative psychological examiner Dr. Mark Simpson; (2) the ALJ failed to properly evaluate the opinion of neuropsychological evaluator Dina Hill, Ph.D.; (3) the ALJ failed to properly evaluate the opinion of Ms. Sandra Cleveland, his high school special education math teacher; (4) the ALJ failed to properly evaluate his obesity; and (5) the ALJ failed to conduct a proper credibility analysis. Doc. 22 at 4–20.

Because I remand based on the ALJ's failure to properly evaluate the opinion of consultative psychological examiner Dr. Mark Simpson, I do not address the other alleged errors,

---

[5] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 4–5.

5

which "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

V. **Analysis**

Mr. Anaya argues that the ALJ erred by failing to state what weight he gave the opinion of consultative psychological examiner Dr. Mark Simpson. Doc. 22 at 6. He argues that this failure was harmful because Dr. Simpson's opinion was more restrictive than the RFC adopted by the ALJ. *Id*. The Commissioner argues that "to the extent that the ALJ did not explicitly state the weight he gave to Dr. Simpson's opinion, any oversight on the ALJ's part was harmless." Doc. 24 at 12. For the reasons discussed below, I agree with Mr. Anaya.

An ALJ "must explain in the decision the weight given to the opinions of a State agency . . . psychological consultant." 20 C.F.R. § 404.1527(e)(2)(ii) (effective Aug. 24, 2012 through March 26, 2017); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (internal citation omitted) ("It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions."). "A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider . . . when assessing an individual's RFC." SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996).[6] An ALJ must consider the following factors in deciding what weight to give a medical opinion:

1. **Examining relationship**: more weight is given to the opinion of a source who has examined the claimant than to one who has not;
2. **Treatment relationship**: more weight is given to the opinion of a source who has treated the claimant than to one who has not; more weight is given to the opinion of a source who has treated the claimant for a long time over several visits and who has extensive knowledge about the claimant's impairment(s);

---

[6] SSR 96-5p was rescinded effective March 27, 2017, after this claim was adjudicated. *See* Federal Register Notice Vol. 82, No. 57, page 15263.

3. **Supportability:** more weight is given to a medical source opinion which is supported by relevant evidence (such as laboratory findings and medical signs), and to opinions supported by good explanations;
4. **Consistency:** the more consistent the opinion is with the record as a whole, the more weight it should be given;
5. **Specialization**: more weight is given to the opinion of a specialist giving an opinion in the area of his/her specialty; and
6. **Other factors:** any other factors that tend to contradict or support an opinion.

*See* 20 C.F.R. §§ 404.1527(c)(1)–(6) (effective Aug. 24, 2012 through March 26, 2017). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Ultimately, an ALJ is required to weigh medical source opinions and to provide "appropriate explanations for accepting or rejecting such opinions." SSR 96-5p, 1996 WL 374183, at *5; *see also Keyes-Zachary*, 695 F.3d at 1161 (same).

Dr. Simpson conducted an examination of Mr. Anaya on June 7, 2013. AR 834–39. Dr. Simpson administered a mental status exam and a Wechsler Adult Intelligence Scale-IV. AR 835–38. He diagnosed Mr. Anaya with ADHD, inattentive type, and depressive disorder not otherwise specified. AR 838. He stated that Mr. Anaya "is challenged by attending deficits and depression. He also has a number of other physical health problems. It appears that these challenges will make it more difficult for him to obtain and maintain employment." AR 838. Most significant, Dr. Simpson found that Mr. Anaya had several mental limitations:

1. Understand and Remember
    A. Detailed or complex instructions: Moderate Limitation
    B. Very short and simple instructions: Mild Limitation
2. Sustained concentration and Task Persistence
    A. Ability to Carry Out Instructions: Moderate Limitation
    B. Ability to Attend and Concentrate: Moderate Limitation
    C. Ability to Work without Supervision: Mild – Moderate Limitation
3. Social Interactions
    A. Ability to Interact with Public: Mild – Moderate Limitation
    B. Ability to Interact with Co-workers: Mild – Moderate Limitation
    C. Ability to Interact with supervisors: Mild – Moderate Limitation

7

       4. Adaptation
           A. Ability to Adapt to Changes in the Workplace: Moderate Limitation
           B. Ability to be Aware of Normal Hazards in the workplace: Mild Limitation
           C. Ability to Use Public Transportation or Travel to Unfamiliar Places: Moderate
              Limitation.

AR 838–39.

      The ALJ briefly summarized Dr. Simpson's consultative exam findings. *See* AR 24–25. The ALJ, however, did not state what weight he gave Dr. Simpson's opinion, nor did he discuss any of the limitations in Dr. Simpson's opinion. This is legal error and requires remand. *See* 20 C.F.R. § 404.1527(e)(2)(ii) (An ALJ "must explain in the decision the weight given to the opinions of a State agency . . . psychological consultant."); SSR 96-5p, 1996 WL 374183, at *5 ("A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider . . . when assessing an individual's RFC.").

      The Commissioner concedes that the ALJ did not state what weight he gave Dr. Simpson's opinion, but argues that this error is harmless. Doc. 24 at 12. Because of the bar against *post hoc* rationalizations, the only possible salvage for a legally flawed decision is a "harmless error" analysis. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). In reviewing Social Security cases, harmless error only applies if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.*

      The Commissioner first argues that the error is harmless because the ALJ considered the moderate limitations at step three of the sequential evaluation process. *Id*. at 13. However, the law is clear that the mental limitations analysis at step three does not excuse the ALJ from analyzing mental limitations in determining a claimant's RFC.

8

At step three, the ALJ is tasked with assessing a claimant's limitations from mental impairments using the "paragraph B" criteria of the mental disorders listings. SSR 96-8p, 1996 WL 374184, at *4; *see also* 20 CFR § 404.1520a (effective June 13, 2011 through Jan. 16, 2017); 20 C.F.R. pt. 404, subpt. P, app. 1. In a "paragraph B" analysis, the ALJ rates a claimant's degree of functional limitation in the areas of "activities of daily living; social functioning; [and] concentration, persistence, or pace," using a five point scale of "none, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(3),(4) (effective June 13, 2011 through Jan. 16, 2017). The limitations in a "paragraph B" analysis, however, are not an RFC assessment. SSR 96-8p, 1996 WL 374184, at *4. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph[] B." *Id*.

In assessing a claimant's RFC, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§] 404.1545 . . . ." SSR 96-8p, 1996 WL 374184, at *1. This means the ALJ must consider how the claimant's impairments affect the claimant's physical abilities, mental abilities, and other abilities. An ALJ must consider all of the following when assessing a claimant's mental abilities:

> When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work.

20 C.F.R. § 404.1545(c); *see also* SSR 96-8p, 1996 WL 374184, at *6 ("Work-related mental activities generally required by competitive, remunerative work include the abilities to:

understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."). In formulating the RFC, an ALJ must perform a function-by-function assessment of these work-related functions, considering all of the relevant evidence in the case record. SSR 96-8p, 1996 WL 374184, at*2. The Tenth Circuit has held that where a claimant is found to have more than mild mental limitations in work-related functions, the ALJ must "express those impairments 'in terms of work-related functions' or '[w]ork-related mental activities.'" *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2004) (unpublished) (quoting SSR 96-8p, 1996 WL 374184, at *6).

The ALJ in this case recognized that his step three "paragraph B" analysis was not a substitute for a proper mental RFC analysis. *See* AR 20. The ALJ, however, failed to complete a proper mental RFC analysis of the limitations in Dr. Simpson's opinion. The Commissioner's argument that the ALJ's step-three analysis can substitute for the mental function-by-function analysis the ALJ should have completed in analyzing Mr. Anaya's RFC fails as a matter of law.

The Commissioner's second argument—that the ALJ's failure to weigh Dr. Simpson's opinion is harmless because the ALJ considered the opinions of the state agency doctors who did consider Dr. Simpson's opinions—also fails. *See* Doc. 24 at 13. The Commissioner argues that the state agency doctors' opinions that the ALJ adopted "were generally consistent" with Dr. Simpson's opinions, and the ALJ's "failure to assign a specific weight to [Dr. Simpson's] opinions was therefore harmless." *Id*. (citing *Keyes-Zachary*, 695 F.3d at 1163).

*Keyes-Zachary* is not on point. In *Keyes-Zachary*, the Tenth Circuit found that the ALJ's failure to expressly weigh a doctor's opinion was harmless because the RFC the ALJ adopted was "generally consistent with [the doctor's] findings." *Keyes-Zachary*, 695 F.3d at 1163. In

this case, however, neither the ALJ's RFC, nor the state agency doctors' opinions on which he relied, are consistent with the moderate limitations in Dr. Simpson's opinion. The state agency doctors opined that Mr. Anaya was "able to understand, remember, and carry out simple instructions, make simple decisions, attend and concentrate for two hours at a time, interact adequately with coworkers and supervisors, and respond appropriately to changes in routine work settings." AR 79, 96. The ALJ accorded their opinions "significant weight" and adopted an RFC that closely tracks the state agency doctors' opinions:

> He can understand, remember, and carry out simple instructions and make commensurate work-related decisions, respond appropriately to supervision, coworkers, and work situations, deal with routine changes in work setting, maintain concentration, persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday.

AR 20. Neither the ALJ's RFC, nor the state agency doctors' opinions, account for the moderate limitations Dr. Simpson found in Mr. Anaya's ability to carry out instructions, attend and concentrate, or adapt to changes in the workplace. *See* AR 839. "[A] moderate impairment is not the same as no impairment at all." *Haga,* 482 F.3d at 1208. Instead, it "supports the conclusion that the individual's capacity to perform the activity is impaired," POMS DI 24510.063 B.2. (boldface omitted), and therefore must be related with sufficient precision in a dispositive hypothetical to a VE and in an RFC finding." *Jaramillo*, 576 F. App'x at 876. The RFC therefore is not "generally consistent" with Dr. Simpson's opinion. Proper consideration of Dr. Simpson's opinion could have resulted in a more restrictive RFC. The ALJ's failure to weigh Dr. Simpson's opinion and to account for the moderate mental limitations contained in his opinion is not harmless. The Court remands for proper consideration of Dr. Simpson's opinion. The Court does not address Mr. Anaya's other claims of error as they "may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.

## VI. Conclusion

The ALJ erred by failing to properly weigh and evaluate the opinion of consultative psychological examiner Dr. Mark Simpson. The Court remands so that the ALJ can remedy this error.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reverse and Remand to Agency for Rehearing (Doc. 22) is GRANTED.

IT IS FURTHER ORDERED that the Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent